IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Maurice L. Morant, ) | |
| ) | C/A No. 0:11-0068-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| Bill Jordan; Major Mancell Boggs; ) | |
| Angeline R. Brown; D. Beckwith, Warden; ) | |
| Shirley Haitfield; Cpl. T. Sayles, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff Maurice L. Morant is an inmate in the custody of the South Carolina Department of Corrections (SCDC). He currently is housed at Trenton Correctional Institution in Trenton, South Carolina. At the time of the underlying events, Plaintiff was incarcerated at Wateree Correctional Institution (WCI) in Rembert, South Carolina. It appears that Defendants are correctional officers at WCI, with the exception of Defendant Brown, who is assigned to the SCDC headquarters in Columbia, South Carolina. On January 7, 2011, Plaintiff, proceeding pro se, brought this action against Defendants seeking damages for alleged due process violations in connection with a disciplinary charge and hearing that took place at WCI on June 23, 2008. Plaintiff brings this action pursuant to 42 U.S.C. § 1983.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for pretrial handling. The Magistrate Judge reviewed the complaint pursuant to the provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act. On February 9, 2011, the Magistrate Judge filed a Report and Recommendation in which she determined that the within action is barred by Heck v. Humphrey,

512 U.S. 477 (1994). Accordingly, the Magistrate Judge recommended that the within action be summarily dismissed. Plaintiff filed objections to the Report and Recommendation on March 1, 2011.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

Plaintiff contends that the Report and Recommendation was filed before the complaint was filed and that he was unaware of the Prisoner Litigation Reform Act. Plaintiff requests that the court waive the $350.00 filing fee. The district court need not conduct a de novo review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982). Nevertheless, the court has thoroughly reviewed the record and finds Plaintiff's claims to be without merit. As the Magistrate Judge properly noted, Plaintiff's allegations call into question Plaintiff's disciplinary violation conviction. To recover damages under a § 1983 action in these circumstances, Plaintiff "must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck, 512 U.S. at 486, 487. Plaintiff has offered no proof that his disciplinary violation conviction has been reversed or otherwise called into question.

The court adopts the Report and Recommendation and incorporates it herein by reference.

Plaintiff's complaint is dismissed without prejudice and without issuance and service of process.

The court declines to waive Plaintiff's filing fee.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

June 1, 2011.

### NOTICE OF RIGHT TO APPEAL

**Plaintiff is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**